**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff/Respondent, ) | **Criminal Action No.** |
| ) | **3:13-15-GFVT-MAS** |
| v. ) | **and** |
| ) | **Civil Action No.** |
| **DONALD DEMIL CLAY,** ) | **3:20-48-GFVT-MAS** |
| ) | |
| Defendant/Movant. ) | |
| ) | |

**REPORT AND RECOMMENDATION**

Defendant/Movant Donald Demil Clay ("Clay") has filed a petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, pursuant to the United States Supreme Court's decisions in *United States v. Davis*, 139 S. Ct. 2319 (2019) and *Rehaif v. United States*, 139 S. Ct. 2191 (2019). [DE 103]. Per Rule 4 of the Rules Governing Section 2255 Proceedings, the Court has conducted its initial review of the petition and, for the reasons stated below, determined that further proceedings are unnecessary.

**I.   PROCEDURAL HISTORY**

On March 27, 2013, a jury convicted Clay of one count each of possession with intention to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 1), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count 2), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 3). [DE 61]. District Judge Van Tatenhove entered judgment against him on July 31, 2014, sentencing Clay to a total term of imprisonment of 130 months. Clay timely appealed his conviction to the Sixth Circuit Court of Appeals, and, failing to prevail there, filed a petition for a writ of certiorari to the United

States Supreme Court. [DE 88 and 90]. The Supreme Court denied his petition on March 7, 2016, rendering his judgment of conviction final for purposes of the § 2255 one-year statute of limitations. [DE 90]. *See* 28 U.S.C. § 2255(f).

Clay now raises two grounds in his § 2255 petition. First, he claims his § 924(c) conviction must be vacated in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), holding that the residual clause in that subsection is unconstitutionally vague. Second, Clay claims that his conviction under 18 U.S.C. § 99(g) must be vacated considering the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), holding that § 922(g) requires the government to prove the defendant knew he possessed a firearm and that he belonged to the relevant category of persons barred from possessing a firearm (in this case, a person convicted of felony). Clay claims that the Indictment was phrased in a way that did not charge him with both knowingly being a felon and knowingly possessing a firearm. As explained below, Clay misunderstands the charges filed against him, his counts of conviction, and the state of the law.

## II. ANALYSIS

### A. FIRST CLAIM FOR RELIEF: COUNT 2, 18 U.S.C. § 924(C)(1)

As Clay correctly notes in his petition, the Supreme Court held that the residual clause in 18 U.S.C. § 924(c)(3), defining, in part, what constitutes a "crime of violence," was unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319, 2324-25 (2019).[1] However, Clay was not charged with or convicted of a crime of violence as defined in subsection (c)(3). The Indictment charged Clay in Count 2 with possessing a firearm ***in furtherance of a drug trafficking crime*** in violation of U.S.C. § 924(c)(1). [DE 1]. The Jury Instructions reflect the same charge, and required the jury to find Clay guilty of the controlled substance offense charged in Count 1 in

---

[1] The Sixth Circuit held that "*Davis* announced a new rule of constitutional law that retroactively applies to cases on collateral review." *In re Franklin*, 950 F.3d 909, 910 (6th Cir. 2020).

order to find him guilty of possessing a firearm in furtherance of a drug trafficking crime as charged in Count 2. [DE 63]. Thus, because Clay was not charged with, nor convicted of, a "crime of violence" as defined in the now-unconstitutional residual clause of § 924(c)(3), *Davis* does not apply to Clay's conviction.

**B.    SECOND CLAIM FOR RELIEF: COUNT 3, 18 U.S.C. § 922(G)**

Clay's claim that his § 922(g) conviction should be overturned fails on two grounds. First, and most importantly, unlike *Davis*, the statutory interpretation announced in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), is not a right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[,]" as required to challenge his § 922(g) conviction now, outside the statute of limitations. 28 U.S.C. § 2255(f)(3) ("A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—[. . .] (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.])"

The Supreme Court did not address retroactivity in the *Rehaif* decision, nor did it indicate it is a "newly recognized" right. The Sixth Circuit has not directly addressed the issue as § 2255(f)(3)'s statute of limitations, but it has held that a challenge pursuant to *Rehaif* is insufficient to satisfy § 2255(h)'s requirements for filing a second or successive § 2255 petition:

> The rule stated in *Rehaif* is a matter of statutory interpretation, not a "new rule of constitutional law." *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019). Moreover, *Rehaif*'s change in statutory interpretation cannot be considered "newly discovered evidence."

*Khamisi-El v. United States*, 800 Fed. App'x 344, 349 (6th Cir. 2020); *accord*, *United States v. Goodjohn*, 2020 WL 3050219, at *2 (S.D. Ohio, June 8, 2020) ("the Supreme Court did not make its new rule retroactively applicable to cases on collateral review."). The Court concludes that

3

because *Rehaif* did not "newly recognize" a right, nor did it even imply (much less expressly state) the new statutory interpretation was retroactive, the one-year statute of limitations in § 2255(f) began to run on March 7, 2016 (the date the Supreme Court denied his petition for a writ of certiorari.  Accordingly, Clay's statute of limitations expired one year later, on March 7, 2017.

Second, even if *Rehaif* applies retroactively, the Sixth Circuit has repeatedly rejected challenges to indictments and jury instructions not raised on direct appeal in circumstances identical to Clay's.  *See*, *e.g.*, *United States v. Conley*, 802 Fed. App'x 919, 923 (6th Cir. 2020) ("[T]he requirement that an indictment allege all of the elements of the offense charged ... seeks primarily to ensure that an accused is reasonably informed of the charge made against him so that he can prepare a defense. [. . .] Conley was not prevented from preparing a defense. That's because he stipulated at trial that he had a prior felony conviction. Although the stipulation of a prior felony does not automatically establish knowledge of felony status, it is strongly suggestive of it.") (citation and quotation marks removed); *United States v. Ward*, 957 F.3d 691, 694 (6th Cir. 2020) (holding that Ward could have raised the indictment's omission on direct appeal like *Rehaif* did, that the omission did not hamper his defense, that his stipulation to the felony status in the jury instructions strongly suggested knowledge of the same, and that Ward offered no evidence that the government could not have proved that he had knowledge that he was a felon.); *see also Holloway v. United States*, 2020 WL 497188, at *2 (6th Cir. Jan. 9, 2020) (rejecting a collateral challenge under *Rehaif* not raised on direct appeal).

The Court notes that, much like in *United States v. Ward*, "the record reveals no reason to think that the government would have had any difficulty at all in offering overwhelming proof that [Clay] knew that he was a felon."  *United States v. Ward*, 957 F.3d 691, 695 (6th Cir. 2020) (citation and quotation marks omitted).  Before the charges in the instant case, Clay had at least

three prior felony convictions, served several years in prison, and was charged with being a persistent felony offender in 2004 (though that charge was dismissed at sentencing). [Presentence Investigation Report, DE 83]. Thus, even if this ground is not barred by the statute of limitations, as the Court believes it to be, *Conley* and *Ward* instruct that failure to include the "knowledge" element explicitly in the Indictment and jury instructions is not plain error.

### III.    CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") shall issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of Clay's § 2255 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is **RECOMMENDED** that a certificate of appealability be **DENIED** upon the District Court's entry of its final order in this matter.

## IV.    CONCLUSION

For all of the reasons stated above, the Court **RECOMMENDS** that:

1. the District Court **DENY**, with prejudice, Clay's § 2255 motion [DE 103]; and

2. the District Court **DENY** a certificate of appealability as to all issues, should Clay request a COA.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of said statute. As defined by § 636(b) (1), Fed. R. Civ. P. 72(b), Fed. R. Crim. P. 59(b), and local rule, within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court.

Entered this the 26th day of June, 2020.



Signed By:
Matthew A. Stinnett   MAS
United States Magistrate Judge