UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>Plaintiff/Respondent,  )<br>)<br>V.  )<br>)<br>DONALD DEMIL CLAY,  )<br>)<br>Defendant/Petitioner.  ) | Crim No.: 3:13-cr-00015-GFVT-MAS<br>Civil No.: 3:20-cv-00048-GFVT-MAS<br><br>**ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on a Recommended Disposition filed by United States Magistrate Judge Matthew A. Stinnett. The Defendant, Donald Demil Clay, filed a *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255. [R. 103.] Consistent with local practice, Judge Stinnett reviewed the motion and prepared a Recommended Disposition. [R. 105.]

After considering the record, Judge Stinnett determined that Mr. Clay is not entitled to relief under 28 U.S.C. § 2255. First, Clay argues that his § 924(c) conviction must be vacated because the Supreme Court's recent decision in *United States v. Davis*, 139 S. Ct. 2319 (2019) held that the residual clause in that subsection is unconstitutionally vague. [R. 105 at 2.] However, Judge Stinnett found that the ruling in *Davis* does not apply to Mr. Clay's case because he was not charged with or convicted of a crime of violence under subsection (c)(3). *Id*. at 2-3. Instead, Mr. Clay was charged with possessing a firearm in furtherance of a drug trafficking crime under § 924(c)(1). *Id*.

Clay's second argument claims that his conviction under 18 U.S.C. § 99(g) must be vacated in light of the Supreme Court's holding in *Rehaif v. United States*, 139 S. Ct. 2191

(2019), which states that § 922(g) requires the government to prove the defendant knew he possessed a firearm and that he belonged to the relevant category of persons barred from possessing a firearm. *Id.* Judge Stinnett concluded that "because *Rehaif* did not "newly recognize" a right, nor did it even imply (much less expressly state) the new statutory interpretation was retroactive, the one-year statute of limitations in § 2255(f) began to run on March 7, 2016." *Id.* at 4. Thus, Clay's claim is time-barred because the statute of limitations expired one year later on March 7, 2017. *Id.* Nevertheless, the Sixth Circuit has rejected similar arguments in prior cases, which leads the Court to conclude that "failure to include the 'knowledge' element explicitly in the Indictment and jury instructions is not plain error." *Id.* at 5.

Generally, this Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's Report and Recommendation are also barred from appealing a district court's order adopting that Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). No objections to the Report and Recommendation have been filed, and the time to do so has now expired. Nevertheless, this Court has considered the record, and it ultimately agrees with the Magistrate Judge's recommendation. Furthermore, the Court declines to issue a certificate of appealability. The Court determines that reasonable jurists would not find the denial of Mr. Clay's § 2255 motion debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED**:

1. Magistrate Judge Matthew A. Stinnett's Report and Recommendation [**R. 105**] as to Defendant Donald Demil Clay is **ADOPTED** and for the Opinion of the Court;

2. Mr. Clay's Petition for habeas corpus relief pursuant to § 2255 [**R. 103**] is **DENIED WITH PREJUDICE**;

3. A Certificate of Appealability is **DENIED** as to all issues raised by the Defendant; and

4. **JUDGMENT** in favor of the United States will be entered contemporaneously herewith.

This the 15th day of July, 2020.

Gregory F. Van Tatenhove
United States District Judge